IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

EARL J. ROSE, )
)
Plaintiff, )
)
v. ) Case No. CIV-10-060-KEW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

## OPINION AND ORDER

Plaintiff Earl J. Rose (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 9, 1958 and was 50 years old at the time of the ALJ's latest decision. Claimant completed his high school education and one semester of training in diesel mechanics. Claimant worked in the past as a concrete mixing truck driver, a

building supplies sales representative, and a concrete mixing plan superintendent. Claimant alleges an inability to work beginning November 13, 2006, due to diabetes, numbness and swelling in his feet and legs, a partial left foot amputation, the need for the use of a cane, frequent problems with falling down, problems arising from a stroke including weakness on his left side and hand numbness.

**Procedural History**

On November 15, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On February 5, 2009, an administrative hearing was held before ALJ Michael A. Kirkpatrick in McAlester, Oklahoma. On May 20, 2009, the ALJ issued an unfavorable decision on Claimant's application. On January 7, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe

impairments, he retained the residual functional capacity ("RFC") sufficient to perform his past relevant work as a concrete mixing plant supervisor.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) finding Claimant had past relevant work as a concrete mixing plant supervisor; and (2) in the event his finding of past relevant work was supported by substantial evidence, the ALJ failed to perform a proper step four analysis.

### Past Relevant Work

Claimant first contends the ALJ erroneously found he had past relevant work as a concrete mixing plant supervisor. In his decision, the ALJ found Claimant suffered from the severe impairments of diabetes mellitus, obesity, status post mild cerebral vascular accident (CVA), coronary artery disease, and hypertension. (Tr. 11). The ALJ concluded Claimant could lift and/or carry 10 pounds occasionally and five pounds frequently, stand and/or walk two hours out of an eight hour workday, and sit six hours in an eight hour workday. He found Claimant could perform sedentary work with these limitations. (Tr. 13).

At step four, the ALJ found that based upon his questioning of the vocational expert, Claimant could perform his past relevant

5

work as a concrete mixing plant supervisor. (Tr. 18).

The record indicates Claimant worked as a concrete plant manager from July of 1991 until September 1993. (Tr. 143). His description of the job duties included "Plant Manager - Batch Man - mix Ready Mix concrete in trust and make sure concrete made it to job site. Dispatching trucks and taking orders by phone and plant maintenance." (Tr. 145). In accordance with 20 C.F.R. § 404.1565(a), work activity is considered past relevant work "when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." Typically, work is not considered if it was performed "15 years or more before the time [the SSA] are deciding whether you are disabled (or when the disability insured status requirement was last met, if earlier.)" Id. The basis for this restriction is that a "gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply. The 15-year guide is intended to insure that remote work experience is not currently applied." Id. Since the ALJ's determination on Claimant's disability occurred in May of 2009, Claimant's work as a concrete plant manager was outside the 15 year time frame established by regulation to consider it as past relevant work.

Claimant also stated in his initial documents completed for

6

the SSA that he worked as a concrete plant manager between July of 2006 to September of 2006. (Tr. 124). In the testimony provided by the vocational expert ("VE") at the administrative hearing upon which the ALJ relied, the job of plant superintendent required a specific vocational preparation ("SVP") of 6. (Tr. 43). Under the *Dictionary of Occupational Titles* ("DOT"), learning a job with an SVP of 6 requires "1 year up to and including 2 years." *DOT*, App. C. The DOT also requires a job as a concrete-batching and mixing-plant supervisor requires an SVP of 7. *DOT*, job title #570.132.010. Based upon these requirements, the two months Claimant worked as a concrete plant manager would not have been of sufficient duration for him to learn the job. None of this work, therefore, constituted past relevant work under the regulations. Consequently, on remand, the ALJ shall re-evaluate his findings at step four in light of the elimination of these jobs from his analysis.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is

**REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 20th day of September, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE